IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Clifford King,
    Plaintiff,

v.

Michael J. Astrue, Commissioner
of Social Security,
    Defendant.

Civil Action 2:07-cv-262

Judge Sargus

Magistrate Judge Abel

**ORDER**

This matter is before the Court on plaintiff Clifford King's February 26, 2008 objections to Magistrate Judge Abel's February 22, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Clifford King is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Clifford King alleges that he became disabled at age 38 by severe atrophy, shortening and paresis of his right leg, herniated discs in his lumbar spine, and severe contractures of his toes. The administrative law judge found that King retained the ability through December 31, 1999, when his disability insured status expired, to perform a significant range of jobs

having light exertional demands. King was then 45 years old.

Plaintiff argues that the Magistrate Judge failed to apply the regulations applicable to evaluating a treating physician's opinion to the administrative law judge's analysis. King argues that the Magistrate Judge erred when he place great reliance on the length of the treating relationship when considering Dr. Tokodi's opinion because King's condition was untreatable. He maintains that he should not be penalized for failing to seek unnecessary treatment. King also argues that the record contains objective evidence that supports Dr. Tokodi's opinion. There was documentation of severe atrophy and shortening of his leg and disc herniations with nerve root encroachment in his back.

The Magistrate Judge correctly analyzed the administrative law judge's decision. The Magistrate Judge pointed out that the administrative law judge noted that Dr. Tokodi completed the form on April 10, 2003, although he indicated that King's last treatment was September 30, 1999. The Magistrate Judge also noted that administrative law judge considered the frequency of King's visits and his daily activities, including his ability to attend college full time. The Magistrate Judge did not err when concluding that the administrative law judge gave "good reasons" for rejecting Dr. Tokodi's opinion, i.e., that it was inconsistent with other substantial evidence and the lack of support in the record to support his opinion.

2

King also argues that the Magistrate Judge erred by relying on the fact that he earned a college degree. King maintains that completing school is not comparable to working a full time job because work does not provide the flexibility afforded a college student. It was not improper for the Magistrate Judge and the administrative law judge to consider his ability to obtain a college degree as a full time student.

King also argues that the Magistrate Judge ignored his argument that the administrative law judge was obligated to contact Tokodi to see if he could obtain a more adequate explanation of his opinion. The administrative law judge was not required to recontact Dr. Tokodi for further explanation of his opinion. The administrative law judge considered and evaluated his opinion and concluded that his opinion of disability was not adequately supported by objective medical findings.

King argues that the Magistrate Judge erred when he concluded that the administrative law judge's credibility determination was supported by substantial evidence because King only received conservative treatment. According to plaintiff, the Magistrate Judge and the administrative law judge ignored whether more radical treatment was a reasonable option for him. He maintains that when someone has a severe, inoperable impairment, "doing well" is a relative term and has no relevance to the issue of whether his permanent impairment would permit competitive work. King also contends

3

that the administrative law judge did not properly consider his daily activities when evaluating his credibility.

Although plaintiff contends that his condition was untreatable, he was prescribed a brace but only wore it occasionally. Dr. Tokodi said that King needed a cane to walk, but plaintiff used one only periodically. He was neither wearing the brace nor using a cane the day of the hearing before the administrative law judge. Dr. Tokodi's office notes indicate that a shoe lift greatly improved King's ability to work. When he broke the shoe lift in February 1997, King did not get a new one for over three months despite maintaining a very active schedule as a student and parent. King did not see Dr Tokodi at all between September 1999 until April 2003. His degenerative lumbar disease responded well to steroid injections.

The Magistrate Judge did not err when he concluded that there is substantial evidence in the record supporting the administrative law judge's decision to find that King's allegations of pain were not credible. The administrative law judge considered King's course of conservative treatment and noted that he was frequently said to be doing well. The administrative law judge also considered King's daily activities and noted that he had been going to college and assisting his wife in her video store. (R. 19.) Although King argues that the administrative law judge did not consider his daily activities, the administrative law judge did discuss King's reported daily

4

activities in the notes of Heidi Jache, M.D., who performed a psychiatric evaluation. *See* R. 19.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

3-25-2008

Edmund A. Sargus, Jr.
United States District Judge